ALEXANDER & BALDWIN, LTD. *v.* UNITED STATES (No. 3741) [1]

United States Court of Customs and Patent Appeals, March 19, 1934

*Lawrence & Baldwin* (*George R. Tuttle* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument February 13, 1934, by Mr. Lawrence; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, overruling the protest of appellant against the classification and assessment for duty by the Collector of Customs at Honolulu,

---

[1] T. D. 46988.

Hawaii, of certain merchandise described by the appraiser as "Canned clams (Hokkigai)", imported under the Tariff Act of 1930.

A stipulation by counsel recites that—

\* \* \* the merchandise invoiced as canned shellfish, hokki, consists of clams in combination with clam juice packed in airtight containers \* \* \*.

Duty was assessed at the rate of 35 per centum ad valorem, the merchandise being classified under paragraph 721 (b) of the Tariff Act of 1930, which reads:

(b) Clams, clam juice, or either in combination with other substances, packed in airtight containers, 35 per centum ad valorem.

The claim relied upon by appellant is that the merchandise is free of duty because it is alleged to be properly classifiable under paragraph 1761—a paragraph of the free list—of said act, which reads:

PAR. 1761. Shrimps, lobsters, and other shellfish, fresh or frozen (whether or not packed in ice), or prepared or preserved in any manner (including pastes and sauces), and not specially provided for.

In the opinion of the court below (Abstract 24390), we find no discussion of the case upon its merits, there being merely cited as controlling that court's prior decision in T.D. 46025 (not appealed), where the merchandise involved consisted of oysters and oyster juice cooked, claimed dutiable as sauce under paragraph 1761, *supra*, but held by the court to be dutiable as assessed by the collector under paragraph 721 (e) of the Tariff Act of 1930, which reads:

(e) Oysters, oyster juice, or either in combination with other substances, packed in airtight containers, 8 cents per pound, including weight of immediate container.

While it does not appear in the instant case whether the combination of clams and clam juice had undergone a process of cooking, that, in our opinion, as the issue has been here presented, is not material, and we regard this case and that involved in T.D. 46025 as being quite analogous.

We are also of the opinion that the trial court reached the correct conclusion.

The gist of appellant's argument seems to be that while Congress contemplated the inclusion in paragraph 721 (b), *supra*, of clams packed in airtight containers if not combined with juice, and clam juice if not combined with clams, yet if the two are imported, packed in the same container, but without being combined with some other substance or substances, the paragraph does not include them. In other words, it seems to be urged that the paragraph, as worded, does not include a simple combination of clams and clam juice, although including each when imported separately packed.

We are unable to agree that such is the proper construction of the paragraph. It would probably be quite difficult so to condition clams

and can them as that all clam juice would be eliminated, but assuming this to be possible, we are wholly at a loss to conceive of any reason why the Congress should wish to tax articles of this nature when imported separately, and either of them when combined with some other substance, but admit them free when imported combined simply with each other.

It seems to us that under the construction of the paragraph for which appellant contends, a large part—perhaps the major portion—of its purpose, could easily be defeated. By the simple expedient of including a few clams in a can of clam juice, imported for clam-juice uses, such juice would be rendered duty free, or by putting a small amount of clam juice in a can of clams, imported for clam uses, the clams would be rendered duty free, and when combined in quantities both would be rendered duty free.

It is simply inconceivable that Congress should have intended any such result.

It is not amiss to point out that paragraph 721 (b), *supra*, constitutes a departure, at least in form, from the Tariff Act of 1922, in that in the act of 1922 there was no *eo nomine* provision for either clams or clam juice or for a combination with either.

Assuming, without holding, paragraph 721 (b), *supra*, to be ambiguous, we are of the opinion that its legislative history quite clearly demonstrates an intention on the part of Congress that such merchandise as is here involved should be classified as this was classified. A repetition of that history here, however, is not deemed necessary.

The construction given the paragraph by the United States Customs Court seems to us the reasonable and proper one, and its judgment is *affirmed*.